IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANGEL S. OLDEN-COE**<br>P.O. Box 2142<br>Joliet, Illinois 60434<br>(630) 618-6775<br><br>          Plaintiff,<br><br>- vs -<br><br>**TACO BELL, CORP** sued in its official capacity as a Fast Food Restaruant organized and existing under the Laws of the State of Illinois and located in the City of Shorewood, Will County<br>996 Brook Forest Avenue<br>Shorewood, Illinois 60431,<br>**MARY BEYER**, sued in her individual and personal capacity as the Human Resource Manager for TACO BELL CORP.,<br>566 W 13848 Hemming Way<br>Muskego, WI 53150<br>**JACQUES T.**, sued in his individual and personal capacity as a Marketing Coach for TACO BELL CORP.,<br>4575 Weaver Parkway, Suite 200<br>Warrenville, Illinois 60555<br><br>          Defendants. | **08CV3066**<br>**JUDGE KENDALL**<br>**MAGISTRATE JUDGE BROWN**<br><br>JURY TRIAL DEMANDED<br><br><br>**RECEIVED**<br>May 28 2008<br>MAY 28 2008  TC<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

### VERIFIED COMPLAINT

This is an action brought under Title VII and Title I of the Americans with Disabilities Act, seeking to recover Compensatory, Actual and General damages judgment against Defendant Taco Bell Corp., and seeks to recover Punitive damages judgment against Defendants Mary Beyer, and Jacques T., for unlawful discrimination and for failure to to provide available and reasonable accommodations for Palitiff Angel Olden-Coe's physical disability comparable to that accorded to a fellow "white worker".

Plaintiff Angel Olden-Coe was subject to unlawful discrimination on the basis of her race, African American, and was deprived of reasonable accommodations for her physical disability, while employed at Taco Bell Corp, as accorded to a similarly situate "white" employee, and Plaintiff Angel Olden-Coe honestly and in good faith believe that she is entitled to federal court remedial action.

## I. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Section(s) 1331(a)(1), 1343(3) and (4) and 1367. This action is authorized and instituted pursuant to Title VII and Americans with Disabilities Act of 1990 and Title 42 U.S.C. Section 1201.

2. The unlawful discrimination and the failure to provide reasonable accommodations alleged herein were committed within the State of Illinois and specifically within the Northern District of Illinois, Eastern Division. Thus, venue is proper under Title 28 U.S.C. Section 1391(b)(1) and (2).

## II. PARTIES

3. The Plaintiff, **ANGEL OLDEN-COE**, (At all relevant times mentioned hereinafter as Plaintiff "Olden-Coe" at all relevent times) is an African American female citizen medically diagnosed with the condition of gallstones in her stomach and resides within the City of Joliet/Will County. Plaintiff Olden-Coe is the only African American female citizen ever to be hired as a General Manager employee of Defendant Taco Bell Corp.

4. The Defendant, **TACO BELL CORP.**, (At all relevant times mentioned hereinafter referred to as Defendant "Corp.," at all relevant times) is a Fast Food Resturant operating at 996 Brook Forest Avenue, in the City of Shorewood/Will County. Defendant Taco Bell Corp, is an employee within the meaning of Title 42 U.S.C. Section 2000(e) and it

employs more that twenty-five (25) employees.

4. The Defendant, **MARY BEYER** (At all relevant times mentioned hereinafter referred to as defenant "Beyer" at all relevant times) is a Human Resource Manager for defendant Taco Bell Corp. When engaged in the conduct complained of did so while acting as an agent, servant and/or employee of defendant Taco Bell Corp. Defendant Beyer is being sued in her individual and personal capacity as the Human Resource Manager for defendant Taco Bell Corp.

5. The Defendant, **JACQUES T.** (At all relevant times mentioned hereinafter is referred to as Defendant "T." at all relevant times) is a Marketing Coach for defendant Taco Bell Corp. When engaged in the conduct complained of did so while acting as an agent, servant, and/or employee of defendant Taco Bell Corp. Defendant T. is being sued in his individual and personal capacity as a Marketing Coach for defendant Taco Bell Corp.

6. Plaintiff Olden-Coe timely filed her Charge of Discrimination with the Illinois Department of Human Rights on February 14, 2008 (See "Exhibit 1" attached hereto) and the U.S. Equal Employment Opportunity Commission issued a Notice Of Right To Sue on February 26, 2008, entitling Plaintiff Olden-Coe to commence a civil action within ninety (90) days of being in its receipt (See "Exhibit 2" attached hereto).

### III.　*FACTS COMMON TO ALL COUNTS*

7. I, **ANGEL OLDEN-COE,** being duly sworn and upon oath could competently testify to the following facts from my own personal knowledge.

8. All conditions precedent to the commencing of this action have been fullfilled.

9. That during the time period June 2006 - October 2008, Plaintiff Olden-Coe was employed as a General Manager for Taco Bell Corp., located at 996 Brook Forest

Avenue, in the City of Shorewood/Will County, Illinois.

10. That during the month of January, 2007, Plaintiff Olden-Coe was medically diagnosed with having gallstones in her stomach and during the month of March, 2007 she was medically diagnosed as having a tumor on her uteris requiring removal by medical surgery.

11. That on or about the 5th day of December 2007, Plaintiff Olden-Coe went on medical leave. Then, during the month of February, 2008, she underwent surgery for removal of the gallstones from her stomach.

12. That during the eleven (11) month time period December 2007 - October 13, 2008. Plaintiff Olden-Coe was recuperating from the medical surgery to remove the tumor and galstones, and was being provided with ongoing treatment by her medical physician.

13. During the time period that Plaintiff Olden-Coe was on medical leave her documentation from her medical physician was delayed in being processed by payroll personnel that interferred with her receiving medical leave pay on a timely bases.

14. That during the month of June and without first affording Plaintiff Olden-Coe with an explanation of the bases for the decrease in her long term disability pay, her long term disability pay severely decreased.

15. That in June of 2007, based upon the unwarranted decrease in her long term disability pay. Plaintiff Olden-Coe requested of her medical physican to prematurely release her from medical leave so that she could return to work

16. Plaintiff Olden-Coe's medical physician released her from medical leave to return to employment on the condition that she be assigned restricted duties with the stipulation that

she should be scheduled to work less than forty (40) hours per week.

17. That after Plaintiff Olden-Coe contacted the Insurance Company's caseworker about the conditions under which her medical physician released her to return to work She was informed that someone from the Human Resource Department decided not to allow her to return to work under the conditions set by her medical physician based upon a policy stipulating that Managers are required to work fifty (50) hours per week.

18. That when fellow "white co-worker" Sandy was allowed to returned to work after being on medical leave recovering from medical treatment for a heart problem. She was accorded all sorts of accommodations and work restrictions, and all her requests to be allowed to leave work early for follow-up treatment by her medical physician, and all her requests to be not scheduled to work until closing time were granted without any problems

from defendant Byer.

19. That for about one month and one week prior to October, 2008, Plaintiff Olden-Coe did not received any pay after she was instructed by defendant Bryer to have her medical physician to increase the amount of hours for her to be allowed to work upon her return from medical leave.

19. After Plaintiff Olden-Coe's medical physician released her to return back to work she made numerous telephone calls to defendant Byers and other Human Resource personnel to assertain information pertaining to when she would be allowed to return to work.

20. That on the afternoon of October 13, 2008, during a conference telephone call involving defendant Byer and defendant Jacque T. Plaintiff Olden-Coe was informed that she was being terminated from employment for allegedly giving away free food in exchange

she should be scheduled to work less than forty (40) hours per week.

17. That after Plaintiff Olden-Coe contacted the Insurance Company's caseworker about the conditions under which her medical physician released her to return to work She was informed that someone from the Human Resource Department decided not to allow her to return to work under the conditions set by her medical physician based upon a policy stipulating that Managers are required to work fifty (50) hours per week.

18. That when fellow "white co-worker" Sandy was allowed to returned to work after being on medical leave recovering from medical treatment for a heart problem. She was accorded all sorts of accommodations and work restrictions, and all her requests to be allowed to leave work early for follow-up treatment by her medical physician, and all her requests to be not scheduled to work until closing time were granted without any problems

from defendant Byer.

19. That for about one month and one week prior to October, 2008, Plaintiff Olden-Coe did not received any pay after she was instructed by defendant Bryer to have her medical physician to increase the amount of hours for her to be allowed to work upon her return from medical leave.

19. After Plaintiff Olden-Coe's medical physician released her to return back to work she made numerous telephone calls to defendant Byers and other Human Resource personnel to assertain information pertaining to when she would be allowed to return to work.

20. That on the afternoon of October 13, 2008, during a conference telephone call involving defendant Byer and defendant Jacque T. Plaintiff Olden-Coe was informed that she was being terminated from employment for allegedly giving away free food in exchange

complaint.

25. Upon information and belief, defendants Taco Bell Corp., Mary Bryer and Jacques T., have engaged in a discriminatory practice of failure to provide or make reasonable accommodations for Plaintiff Olden-Coe, based upon her racial nationality, African American, which resulted in the termination from employment of Plaintiff Olden-Coe.

26. The aformentioned act and ommission on the part of defendants Taco Bell Corp., Mary Byer and Jacque T., constitute unlawful discrimination against Plaintiff Olden-Coe because of her medically diagnosed conditions, all in violation of Title I of the Americans with Disability Act of 1990.

27. That as a direct and proximate result of defendants Taco Bell Corp., Mary Bryer and Jacques T., intentional and careless act or ommission to provide or make available reasonable accommodations for Plaintiff Olden-Coe's medically diagnosed conditions. Plaintiff Olden-Coe sufferred damages in the form of retaliatory and unwarranted termination from employment on October 13, 2008.

28. That as a direct and proximate result of defendants Taco Bell Corp., Mary Byer and Jacques T.'s retaliatory termination of Plaintiff Olden-Coe's employment with defendant Taco Bell Corp. Plaintiff Olden-Coe faced bank forclosue on her home, suffered the re-possession of her automobile and suffered a severe diminishment in the standard of living for herself and her three defendant children all due to the loss of employment income, and she suffered great mental anguish.

***WHEREFORE,*** the Plaintiff, Angel Olden-Coe, respectfully pray that this Court:

A. Order defendant Taco Bell Corp to make Angel Olden-Coe whole by providing her with appropriate compensation for loss benefits, in the amount to be proven at trial and

by reinstating her to the position of General Manager and accord her available and reasonable accommodations for her diagnosed medical conditions, tio eradicate the effects of the defendants' previous failure to provide or make available reasonable accommodations for her diagnosed medical conditions.

B.  Order defendant Homes to make Angel Olden-Coe whole by providing her with compensation for past pecuniary losses, in the amount to be determined at rial; and by providing compensation for non-pecuniary losses, including emotional pain, suffering, loss of enjoyment of life, humiliation and anxiety, in the amount to be determined at trial.

C.  Grant such other and further punitive damage relief against defendants Mary Bryer and Jacques T., as this court deems necessary, appropriate and warranted by the circumstances.

Plaintiff Olden-Coe declare under penalty of prejury under the Laws of the United States of America that the foregoing facts are true and correct.

FURTHER AFFIANT SAITH NOT

_Angel Olden-Coe_
Angel Olden-Coe

SWORN and SUBSCRIBED before me this 27th day of May, 2008

_Notary Public_

OFFICIAL SEAL
MARIA E MARTINEZ
COMMISSION EXPIRES 02/20/11
(SEAL)

## JURY TRIAL DEMANDED

29.  Plaintiff Olden-Coe hereby demand a trial before a petit jury on all triable issues raised in this Verified Complaint.

## RESERVATION OF RIGHTS

30. Plaintiff Olden-Coe's investigation is ongoing. Olden-Coe reserves the right to amend this verified complaint to include additional claims and name additional defendants should her investigation so merits.

Dated: May 28, 2008

                                              Respectfully submitted

                                              By *Angel Olden-Coe*
                                                  **ANGEL OLDEN-COE**
                                                        **Plaintiff**

Angel Olden-Coe
P.O. Box 2142
Joliet, Illinois 60434
(630) 618-6775

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 440-2008-03051 |

Illinois Department Of Human Rights     and EEOC
*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.): Ms. Angel Olden-Coe
**Home Phone** (Incl. Area Code): 815-723-5798
**Date of Birth**: 05-18-77

**Street Address**: P.O. Box 2142 Joliet, IL 60434

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: TACO BELL, CORP
**No. Employees, Members**: 500 or More
**Phone No.**: 815-439-3168
**Street Address**: 996 BROOK FOREST AVENUE
**City, State and ZIP Code**: SHOREWOOD, IL 60431

**DISCRIMINATION BASED ON** (Check appropriate box(es).):
[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[ ] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] OTHER
[ ] CONTINUING ACTION

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 06-01-2006    Latest: 10-13-2007

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on June 20, 2006. My recent position was General Manager. Since the beginning of my employment, I have been subjected to different terms and conditions of employment. On October 13, 2007, I was discharged.

I believe that I have discriminated against because of my race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I also believe that I have been discriminated against because of disability, in violation of the Americans with Disability Act of 1990, as amended.

Exhibit 1

**RECEIVED EEOC**
FEB 1 4 2008
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb, 14 2008     *Angel Olden-Coe* (signature)
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Angel S. Olden-Coe<br>P. O. Box 2142<br>Joliet, IL 60434 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0014 4053 8085

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-03051 | Eva Baran,<br>Investigator | (312) 353-7303 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_John P. Rowe_      2-26-08

Enclosures(s)      John P. Rowe,      (Date Mailed)
District Director

cc:     TACO BELL CORP.

Exhibit 2