| U.S. Department of Justice<br>United States Marshals Service | PROCESS RECEIPT AND RETURN<br>See Instructions for "Service of Process by the U.S. Marshal"<br>on the reverse of this form. |
|---|---|

| PLAINTIFF<br>Olden-Coe | COURT CASE NUMBER<br>08C3066 |
|---|---|
| DEFENDANT<br>Taco Bell Corp, et al. | TYPE OF PROCESS<br>S/C |

| SERVE ➤ AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN<br>Jocquest<br>ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)<br>4575 Weajer (Weaver) Parkway, Suite 200, Warrenville, IL 60555 |
|---|---|

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| Mark McKeon Burden<br>Donohue, Brown, Mathewson & Smyth<br>140 South Dearborn Street, Suite 700<br>Chicago, IL 60603 | Number of process to be served with this Form - 285 | 1 |
|---|---|---|
| | Number of parties to be served in this case | 3 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                                                                Fold

FILED
Aug 12, 2008
AUG 12 2008 RC

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE<br>06-11-08 |
|---|---|---|---|

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process<br>2 of 3 | District of Origin<br>No. 24 | District to Serve<br>No. 24 | Signature of Authorized USMS Deputy or Clerk | Td | Date<br>06-11-08 |
|---|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above)<br>NOT SERVED | Date of Service: 7/14/08  Time: 3:00 pm<br>Signature of U.S. Marshal or Deputy<br>Christy G. Caton 0543 |

| Service Fee<br>96.00 | Total Mileage Charges (including endeavors)<br>30.07 | Forwarding Fee<br>0 | Total Charges<br>126.07 | Advance Deposits<br>0 | Amount owed to U.S. Marshal or<br>126.07 | Amount of Refund<br>0 |
|---|---|---|---|---|---|---|

REMARKS: Endeavor 1: Spoke with Henrietta (Admin) at 4575 Weaver Pkwy. (Yum Brands) is parent company for Taco Bell. She states that Jocquest + Mary Buyer are franchises and are not affiliated with this office.

1 Deputy, 62 miles R/T, 2 HRS.

| PRIOR EDITIONS MAY BE USED | 1. CLERK OF THE COURT | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Angel Coe
Plaintiff

SUMMONS IN A CIVIL CASE

V.

Taco Bell, Corp
Mary Beyer
Jacques T    Defendant(s)

08CV3066
JUDGE KENDALL
MAGISTRATE JUDGE BROWN

DESIGNATED
MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

? (Jacques T)
4575 Weajer Parkway Suite 200
Warrenville, IL 60555

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Mark McKeon Burden
Donohue, Brown, Mathewson & Smyth
140 South Dearborn Street
Suite 700
Chicago, IL 60603

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

_Haydee Pawlowski_
(By) DEPUTY CLERK

DATE   JUN 10 2008

AO 440 (Rev. 05/00) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
              *Date*                              *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL S. OLDEN-COE<br>P.O. Box 2142<br>Joliet, Illinois 60434<br>(630) 618-6775<br><br>    Plaintiff,<br><br> - vs -<br><br>TACO BELL, CORP sued in its official capacity as a Fast Food Restaruant organized and existing under the Laws of the State of Illinois and located in the City of Shorewood, Will County<br>996 Brook Forest Avenue<br>Shorewood, Illinois 60431,<br>MARY BEYER, sued in her individual and personal capacity as the Human Resource Manager for TACO BELL CORP.,<br>566 W 13848 Hemming Way<br>Muskego, WI 53150<br>JACQUES T., sued in his individual and personal capacity as a Marketing Coach for TACO BELL CORP.,<br>4575 Weaver Parkway, Suite 200<br>Warrenville, Illinois 60555<br><br>    Defendants. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED<br><br>**FILED**<br>JUN 0 5 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

<u>**VERIFIED COMPLAINT**</u>

This is an action brought under Title VII and Title I of the Americans with Disabilities Act, seeking to recover Compensatory, Actual and General damages judgment against Defendant Taco Bell Corp., and seeks to recover Punitive damages judgment against Defendants Mary Beyer, and Jacques T., for unlawful discrimination and for failure to to provide available and reasonable accommodations for Palitiff Angel Olden-Coe's physical disability comparable to that accorded to a fellow "white worker".

Plaintiff Angel Olden-Coe was subject to unlawful discrimination on the basis of her race, African American, and was deprived of reasonable accommodations for her physical disability, while employed at Taco Bell Corp, as accorded to a similarly situate "white" employee, and Plaintiff Angel Olden-Coe honestly and in good faith believe that she is entitled to federal court remedial action.

## I. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Section(s) 1331(a)(1), 1343(3) and (4) and 1367. This action is authorized and instituted pursuant to Title VII and Americans with Disabilities Act of 1990 and Title 42 U.S.C. Section 1201.

2. The unlawful discrimination and the failure to provide reasonable accommodations alleged herein were committed within the State of Illinois and specifically within the Northern District of Illinois, Eastern Division. Thus, venue is proper under Title 28 U.S.C. Section 1391(b)(1) and (2).

## II. PARTIES

3. The Plaintiff, **ANGEL OLDEN-COE**, (At all relevant times mentioned hereinafter as Plaintiff "Olden-Coe" at all relevent times) is an African American female citizen medically diagnosed with the condition of gallstones in her stomach and resides within the City of Joliet/Will County. Plaintiff Olden-Coe is the only African American female citizen ever to be hired as a General Manager employee of Defendant Taco Bell Corp.

4. The Defendant, **TACO BELL CORP.**, (At all relevant times mentioned hereinafter referred to as Defendant "Corp.," at all relevant times) is a Fast Food Resturant operating at 996 Brook Forest Avenue, in the City of Shorewood/Will County. Defendant Taco Bell Corp, is an employee within the meaning of Title 42 U.S.C. Section 2000(e) and it

employs more that twenty-five (25) employees.

4. The Defendant, **MARY BEYER** (At all relevant times mentioned hereinafter referred to as defenant "Beyer" at all relevant times) is a Human Resource Manager for defendant Taco Bell Corp. When engaged in the conduct complained of did so while acting as an agent, servant and/or employee of defendant Taco Bell Corp. Defendant Beyer is being sued in her individual and personal capacity as the Human Resource Manager for defendant Taco Bell Corp.

5. The Defendant, JACQUES T. (At all relevant times mentioned hereinafter is referred to as Defendant "T." at all relevant times) is a Marketing Coach for defendant Taco Bell Corp. When engaged in the conduct complained of did so while acting as an agent, servant, and/or employee of defendant Taco Bell Corp. Defendant T. is being sued in his individual and personal capacity as a Marketing Coach for defendant Taco Bell Corp.

6. Plaintiff Olden-Coe timely filed her Charge of Discrimination with the Illinois Department of Human Rights on February 14, 2008 (See "Exhibit 1" attached hereto) and the U.S. Equal Employment Opportunity Commission issued a Notice Of Right To Sue on February 26, 2008, entitling Plaintiff Olden-Coe to commence a civil action within ninety (90) days of being in its receipt (See "Exhibit 2" attached hereto).

### III. *FACTS COMMON TO ALL COUNTS*

7. I, **ANGEL OLDEN-COE**, being duly sworn and upon oath could competently testify to the following facts from my own personal knowledge.

8. All conditions precedent to the commencing of this action have been fullfilled.

9. That during the time period June 2006 - October 2008, Plaintiff Olden-Coe was employed as a General Manager for Taco Bell Corp., located at 996 Brook Forest

Avenue, in the City of Shorewood/Will County, Illinois.

10. That during the month of January, 2007, Plaintiff Olden-Coe was medically diagnosed with having gallstones in her stomach and during the month of March, 2007 she was medically diagnosed as having a tumor on her uteris requiring removal by medical surgery.

11. That on or about the 5th day of December 2007, Plaintiff Olden-Coe went on medical leave. Then, during the month of February, 2008, she underwent surgery for removal of the gallstones from her stomach.

12. That during the eleven (11) month time period December 2007 - October 13, 2008. Plaintiff Olden-Coe was recouperating from the medical surgery to remove the tumor and galstones, and was being provided with ongoing treatment by her medical physician.

13. During the time period that Plaintiff Olden-Coe was on medical leave her documentation from her medical physician was delayed in being processed by payroll personnel that interferred with her receiving medical leave pay on a timely bases.

14. That during the month of June and without first affording Plaintiff Olden-Coe with an explanation of the bases for the decrease in her long term disability pay, her long term disability pay severely decreased.

15. That in June of 2007, based upon the unwarranted decrease in her long term disability pay. Plaintiff Olden-Coe requested of her medical physican to prematurely release her from medical leave so that she could return to work

16. Plaintiff Olden-Coe's medical physician released her from medical leave to return to employment on the condition that she be assigned restricted duties with the stipulation that

4.

she should be scheduled to work less than forty (40) hours per week.

17. That after Plaintiff Olden-Coe contacted the Insurance Company's caseworker about the conditions under which her medical physician released her to return to work. She was informed that someone from the Human Resource Department decided not to allow her to return to work under the conditions set by her medical physician based upon a policy stipulating that Managers are required to work fifty (50) hours per week.

18. That when fellow "white co-worker" Sandy was allowed to returned to work after being on medical leave recovering from medical treatment for a heart problem. She was accorded all sorts of accommodations and work restrictions, and all her requests to be allowed to leave work early for follow-up treatment by her medical physician, and all her requests to be not scheduled to work until closing time were granted without any problems

from defendant Byer.

19. That for about one month and one week prior to October, 2008, Plaintiff Olden-Coe did not received any pay after she was instructed by defendant Bryer to have her medical physician to increase the amount of hours for her to be allowed to work upon her return from medical leave.

19. After Plaintiff Olden-Coe's medical physician released her to return back to work she made numerous telephone calls to defendant Byers and other Human Resource personnel to assertain information pertaining to when she would be allowed to return to work.

20. That on the afternoon of October 13, 2008, during a conference telephone call involving defendant Byer and defendant Jacque T. Plaintiff Olden-Coe was informed that she was being terminated from employment for allegedly giving away free food in exchange

5.

for oil changes on her automobile before she went on sick leave.

21. That subsequent to being terminated from employment, Plaintiff Olden-Coe contacted defendant Corp's Human Resource HotLine and provided a statement concerning the false allegation of having given away free food that was used as the bases for her termination from employment.

22. Plaintiff Olden-Coe was informed by a man named Patrick of the defendant Corp.'s Human Resource HotLine, (262) 514-2830, that a thorough investigation into the matter would be conducted.

23. That on or about the 22nd day of May, 2008, after an excessive amount of time had passed since Plaintiff Olden-Coe initiated contact with defendant Corp.'s Human Resource Hotline. Patrick informed Plaintiff Olden-Coe that he was informed that the bases for termination consisted of Plaintiff Olden-Coe allegedly giving away free food in exchange for oil changes on her automobile prior to her going on medical leave.

24. Defendant Corp has intentionally or carelessly engaged in failure to provide or make reasonable accommodations for Plaintiff Olden-Coe's medical conditions as prescribed by her medical physician, which has deprived Plaintiff Olden-Coe of her equal employment opportunity and equal terms and conditions of employment as accorded to a fellow "white co-worker" and which has otherwise adversely effected her status as an employee because of her diagnosed medical conditions, and because of her racial nationality, African American.

## COUNT I

1 - 24. Plaintiff Olden-Coe repeats and realleges paragraphs 1 - 24 of her verified complaint as though fully set forth as paragraphs 1 - 24 of Count I of her verified

complaint.

25. Upon information and belief, defendants Taco Bell Corp., Mary Bryer and Jacques T., have engaged in a discriminatory practice of failure to provide or make reasonable accommodations for Plaintiff Olden-Coe, based upon her racial nationality, African American, which resulted in the termination from employment of Plaintiff Olden-Coe.

26. The aformentioned act and ommission on the part of defendants Taco Bell Corp., Mary Byer and Jacque T., constitute unlawful discrimination against Plaintiff Olden-Coe because of her medically diagnosed conditions, all in violation of Title I of the Americans with Disability Act of 1990.

27. That as a direct and proximate result of defendants Taco Bell Corp., Mary Bryer and Jacques T., intentional and careless act or ommission to provide or make available reasonable accommodations for Plaintiff Olden-Coe's medically diagnosed conditions. Plaintiff Olden-Coe sufferred damages in the form of retaliatory and unwarranted termination from employment on October 13, 2008.

28. That as a direct and proximate result of defendants Taco Bell Corp., Mary Byer and Jacques T.'s retaliatory termination of Plaintiff Olden-Coe's employment with defendant Taco Bell Corp. Plaintiff Olden-Coe faced bank forclosue on her home, suffered the re-possession of her automobile and suffered a severe diminishment in the standard of living for herself and her three defendant children all due to the loss of employment income, and she suffered great mental anguish.

**WHEREFORE**, the Plaintiff, Angel Olden-Coe, respectfully pray that this Court:

A. Order defendant Taco Bell Corp to make Angel Olden-Coe whole by providing her with appropriate compensation for loss benefits, in the amount to be proven at trial and

by reinstating her to the position of General Manager and accord her available and reasonable accommodations for her diagnosed medical conditions, tio eradicate the effects of the defendants' previous failure to provide or make available reasonable accommodations for her diagnosed medical conditions.

B.  Order defendant Homes to make Angel Olden-Coe whole by providing her with compensation for past pecuniary losses, in the amount to be determined at rial; and by providing compensation for non-pecuniary losses, including emotional pain, suffering, loss of enjoyment of life, humiliation and anxiety, in the amount to be determined at trial.

C.  Grant such other and further punitive damage relief against defendants Mary Bryer and Jacques T., as this court deems necessary, appropriate and warranted by the circumstances.

Plaintiff Olden-Coe declare under penalty of prejury under the Laws of the United States of America that the foregoing facts are true and correct.

FURTHER AFFIANT SAITH NOT

*Angel Olden-Coe*
Angel Olden-Coe

SWORN and SUBSCRIBED before me this 27th day of May, 2008

Notary Public

OFFICIAL SEAL
MARIA E MARTINEZ
COMMISSION EXPIRES 02/20/11
(SEAL)

### JURY TRIAL DEMANDED

29.  Plaintiff Olden-Coe hereby demand a trial before a petit jury on all triable issues raised in this Verified Complaint.

8.

## RESERVATION OF RIGHTS

30. Plaintiff Olden-Coe's investigation is ongoing. Olden-Coe reserves the right to amend this verified complaint to include additional claims and name additional defendants should her investigation so merits.

Dated: May 28, 2008

Respectfully submitted

By *Angel Olden-Coe*
ANGEL OLDEN-COE
Plaintiff

Angel Olden-Coe
P.O. Box 2142
Joliet, Illinois 60434
(630) 618-6775

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2008-03051 |
|---|---|---|

Illinois Department Of Human Rights  and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**Ms. Angel Olden-Coe** | Home Phone (Incl. Area Code)<br>**815-723-5798** | Date of Birth<br>**05-18-77** |
|---|---|---|

Street Address: **P.O. Box 2142 Joliet, IL 60434**  City, State and ZIP Code:

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**TACO BELL, CORP** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**815-439-3168** |
|---|---|---|

Street Address: **996 BROOK FOREST AVENUE**  City, State and ZIP Code: **SHOREWOOD, IL 60431**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address:  City, State and ZIP Code:

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **06-01-2006**  Latest: **10-13-2007**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on June 20, 2006. My recent position was General Manager. Since the beginning of my employment, I have been subjected to different terms and conditions of employment. On October 13, 2007, I was discharged.

I believe that I have discriminated against because of my race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I also believe that I have been discriminated against because of disability, in violation of the Americans with Disability Act of 1990, as amended.

*Exhibit 1*

**RECEIVED EEOC**
FEB 14 2008
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Feb, 14 2008  *Angel Olden-Coe*
Date  Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Angel S. Olden-Coe<br>P. O. Box 2142<br>Joliet, IL 60434 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0014 4053 8085

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-03051 | Eva Baran,<br>Investigator | (312) 353-7303 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]* John P. Rowe    2-26-08
John P. Rowe,
**District Director**
(Date Mailed)

Enclosures(s)

cc:    **TACO BELL CORP.**

Exhibit 2

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 3066 | DATE | 6/5/2008 |
| CASE TITLE | OLDEN-COE vs. TACO BELL CORP et al | | |

**DOCKET ENTRY TEXT**

Status hearing held. Plaintiff's motions to proceed in forma pauperis [4] and for appointment of counsel [5] are granted. Mr. Mark Burden, Donohue Brown, 140 S. Dearborn St., Suite 700, Chicago, IL, 60603, 312-422-0900 is appointed as counsel for plaintiff. Mr. Burden is directed to contact plaintiff forthwith. Initial status hearing is set for July 9, 2008 at 9:00 am. The parties are directed to file a joint status report by July 7, 2008.

Docketing to mail notices.

00:10

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK
BY: [signature]
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: 06-10-2008

RECEIVED
2008 JUN 11 AM 9:09
UNITED STATES MARSHAL
NORTHERN DIST OF IL
ADMINISTRATIVE SECTION

| | Courtroom Deputy Initials: | JS |
|---|---|---|